James C. Bastian, Jr. - State Bar No. 175415
JBastian@shulmanbastian.com
Shane M. Biornstad - Bar No. 250202
SBiornstad@shulmanbastian.com
Yang Yang - State Bar No. 361803
YYang@shulmanbastian.com
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000

Attorneys for Ira Hermann

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA HERMANN, an individual, | Case No. |
| Plaintiff, | Judge: |
| vs. | **COMPLAINT FOR:** |
| KINGSBARN REALTY CAPITAL, LLC, a Nevada Limited Liability Company; J. KEVIN BLAND, an individual, Chief Financial Officer of Kingsbarn Realty Capital, LLC; JEFFREY A. PORI, an individual, Trustee of the J&C Management Trust dated April 5, 2022, and Chief Executive Officer of Kingsbarn Realty Capital, LLC; CHRISTINE PORI, Trustee of the J&C Management Trust dated April 5, 2022; DOES 1 through 50, inclusive, | **1. BREACH OF CONTRACT** |
| | **2. BREACH OF CONTRACT** |
| | **3. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| | **4. MONEY HAD AND RECEIVED** |
| | **5. MONEY LENT** |
| | **6. ACCOUNT STATED** |
| Defendants. | **7. PROMISSORY ESTOPPEL** |
| | **8.  MISREPRESENTATION** |
| | **9.  MISREPRESENTATION** |

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1
COMPLAINT

Plaintiff Ira Hermann alleges the following:

**PARTIES**

1. Plaintiff Ira Hermann ("Lender" or "Plaintiff") is a resident of the State of California and resides in Laguna Niguel, Orange County, California.

2. Defendant Kingsbarn Realty Capital, LLC ("Kingsbarn" or "Borrower") is a Nevada Limited Liability Company.

3. Defendant J. Kevin Bland ("Bland") is the Chief Financial Officer of Kingsbarn, and resides in the State of Nevada.

4. Defendants Jeffrey A. Pori ("Pori") and Christine Pori (collectively, the "Poris") are, and at all relevant times were, the duly appointed Trustee of the J&C Management Trust dated April 5, 2022 ("Trustor"). Pori is also the Chief Executive Officer of Kinsbarn. The Poris reside in the State of Nevada.

5. Kingsbarn, Bland, the Poris and Does 1 through 50 are referred to herein collectively as "Defendants."

6. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants sued herein as Does 1 through 50, inclusive, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously named Defendants, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this complaint to assert the true names and capacities of such fictitiously-named defendants when the same have been ascertained.

7. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants, and each of them, were the participants, employees, agents, servants, joint venturers, and/or co-conspirators with and/or aided and abetted each of the remaining Defendants. In acting or omitting to act as alleged, Defendants were doing so within the scope of said employment, agency, and/or conspiracy, with the knowledge, permission, consent, and/or approval of Defendants, and each of them.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2
COMPLAINT

At all times herein mentioned, each of the Defendants acted as the agent, servant and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

8.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, jointly perpetrated the acts herein described with their co-Defendants. Defendants, and each of them, were the successors in interest to, agents, alter egos, principals, partners, joint venturers, and/or co-conspirators of their co-Defendants in committing the acts herein alleged. Furthermore, Defendants, and each of them, were the owners of the business entities, LLCs, and/or corporations, and were acting within the scope of their authority or in furtherance of a common scheme or design. This was done with the knowledge, permission, consent, or ratification of their co-Defendants. Therefore, Defendants, and each of them, are jointly and severally liable for all damages, and other relief or remedies sought by Plaintiff.

9.  Defendants, and each of them, are sued herein individually as aiders, participants, abettors, employees, agents, servants, joint venturers, and/or co-conspirators in the wrongful activities complained of herein. The liability of Defendants, and each of them, arises from the fact that each, with intent and knowledge, engaged in all or part of the improper acts, plans, schemes, or transactions to participate, induce, or carry out the scheme causing Plaintiff harm. Pursuant to the principles of alter ego liability under both Nevada and California law, Defendants displayed such unity of interest and ownership that their separate legal personalities no longer exist, and adhering to the fiction of their separate existence would sanction fraud or promote injustice. Consequently, each of the Defendants acted as alter egos of one another, rendering them jointly and severally liable for the allegations and damages set forth herein.

/ / /

/ / /

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3
COMPLAINT

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a citizen of the State of California. Kingsbarn is a limited liability company whose members are all citizens of the State of Nevada. The remaining Defendants are individuals domiciled in the State of Nevada. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants.

11. This Court has specific personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privilege of conducting activities in the State of California. Specifically, at the time the Secured Promissory Note and Deed of Trust were executed, the Lender/Beneficiary resided in Laguna Niguel, Orange County, California. The Deed of Trust expressly provides that, upon recording, the original recorded Deed of Trust was to be returned to the Beneficiary at his offices in Newport Beach, Orange County, California. Defendants knowingly entered into and performed obligations under the Secured Promissory Note and Deed of Trust with the understanding that performance was directed to California, and they communicated with a California-based Plaintiff regarding those obligations. Plaintiff's claims arise out of and relate to Defendants' California-based contacts, and the exercise of personal jurisdiction over Defendants is therefore fair, reasonable and consistent with due process.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including the negotiation, execution, and performance of the Secured Promissory Note and Deed of Trust, which were directed to and performed in this District.

/ / /

/ / /

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4
COMPLAINT

13. The Secured Promissory Note contains a permissive jurisdiction clause providing that Defendants consent to jurisdiction in Nevada, in relevant part:

> "The laws of the state of Nevada shall govern the interpretation and enforcement of this Note. In the event that legal action is instituted to collect any amounts due under, or to enforce any provision of, this instrument, Borrower and any endorser, guarantor or other person primarily or secondarily liable for payment hereof consent to, and by execution hereof submit themselves to, the jurisdiction of the courts of the State of Nevada, and notwithstanding the place of residence of any of them or the place of execution of this instrument, such litigation may be brought in or transferred to a court of competent jurisdiction in and for the County of Clark, state of Nevada."

14. The clause neither states that Nevada is the exclusive forum, nor does it waive jurisdiction in any other forum. Accordingly, the clause does not preclude this Court from exercising personal jurisdiction where otherwise appropriate.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

15. On March 26, 2025, Plaintiff, as lender, and Kingsbarn Realty Capital, LLC, as borrower, entered into the Secured Promissory Note ("Secured Note", attached as **Exhibit A**) in the principal amount of $1,500,000.00. Pursuant to the Secured Note, the Maturity Date was June 26, 2025.

16. Section A of the Secured Note provides that interest accrues on the unpaid principal balance from the date of execution at a rate of fifteen percent (15%) per annum ("Interest"). Interest under the Secured Note is calculated on the basis of a 365-day year and is charged for the actual number of days elapsed, based on the outstanding principal balance during the applicable period. Unless accelerated, all accrued interest, together with the outstanding principal balance and all other amounts due under the Secured Note, is due and payable on the Maturity Date.

17. In addition to interest, Section B of the Secured Note requires the Borrower to pay points as additional consideration. Upon repayment of the entire indebtedness, the Borrower must pay three percent (3%) of the loan amount, equal to $45,000 ("Points"). If the loan and Points are not paid in full by the Maturity Date, the Borrower must pay an additional one percent (1%) of the loan amount, or $15,000,

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5
COMPLAINT

for each additional thirty (30) days required to satisfy the indebtedness ("Additional Points").

18. Section D of the Secured Note further provides that the Borrower's failure to pay the loan and accrued interest by the Maturity Date constitutes an event of default. Upon default, all unpaid principal and interest bear interest ("Default Interest"), commencing on the third (3rd) day following the date such amounts become due and unpaid, or upon the occurrence of any other event of default, at a default rate equal to the contractual interest rate plus five percent (5%).

19. Pursuant to Section C, the Secured Note is secured by a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing ("DOT", attached as **Exhibit B**) from the Poris, Trustees of the J&C Management Trust, dated April 5, 2022, in favor of lender, which grants the Lender a lien and security interest in and to the real property located at 72-2905-C Hainoa St., #19 Kailua- Kona, HI 96740, APN 3720250070009 ("Hawaii Property"). The DOT is dated March 28, 2025.

20. Pursuant to the Part 1, Section 8 of the DOT, the Poris are obligated to record the DOT to perfect and protect the Lender's lien and security interest in the Hawaii Property, and to bear all costs, fees, and taxes associated with such recording.

21. As required by the Secured Note, Plaintiff loaned Kingsbarn all the money Plaintiff agreed to lend.

22. Kingsbarn failed to timely pay the Principal, Interest and Points in full on Maturity Date of June 26, 2025.

23. Since the Maturity Date, Plaintiff has repeatedly contacted Kingsbarn and Kingsbarn's managing director Louie A. Goros ("Goros") to demand repayment. Goros and each of the Defendants have repeatedly promised to repay the amounts owed.

24. On July 18, 2025, approximately three weeks after the Maturity Date, Goros responded to Plaintiff's repayment inquiry and represented that payment would be made "next week." Goros failed to honor that representation and, on September 3,

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6
COMPLAINT

2025, again promised that the outstanding balance "will be fully paid this week" which also proved untrue. The email correspondence with Goros is attached as **Exhibit C**.

25. Bland repeatedly made promises regarding repayment. On June 26, 2025, he represented that "Kingsbarn intends to pay your loan in full next week." On July 8, 2025, Bland requested an extension of the repayment deadline to July 26, 2025, which Kingsbarn again failed to honor. On September 19, 2025, Bland inquired whether Plaintiff would be willing to begin repayment the following week, stating that Kingsbarn was deciding between paying "this week vs. next week," yet no payment was made under either timeline. Finally, on October 17, 2025, Bland informed Plaintiff that "We are not going to pay you today." The email correspondence with Bland is attached as **Exhibit D**.

26. Pori likewise repeatedly made promises regarding repayment. On July 11, 2025, Pori replied to Plaintiff's email, stating, "I expect to have you paid in full by the end of next week." On July 25, 2025, he represented that Kingsbarn would repay the loan by the middle of the following week. On November 14, 2025, he again represented that full payment would be made "by Tuesday of next week." Each of these representations and promises proved false, and no payment was made. The email correspondence with Pori is attached as **Exhibit E**.

27. Since the Maturity Date, Kingsbarn has made only one principal payment of $800,000.00 on August 1, 2025, and all remaining principal remains unpaid ("Unpaid Principal").

28. During this period, Plaintiff repeatedly demanded that Defendants provide a copy of the recorded DOT. Defendants failed to do so and, only after multiple requests, finally provided Plaintiff with a copy on November 17, 2025.

29. On November 18, 2025, Plaintiff learned from his counsel, that the DOT had not been recorded and appears to have been an improper instrument to provide a perfected lien against the Hawaii Property. As of the date this action was commenced,

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7
COMPLAINT

Kingsbarn has not provided a recorded copy of the DOT nor a proper instrument to provide a lien against the Hawaii Property as promised.

30. On December 2, 2025, Plaintiff through his counsel sent Kingsbarn a formal demand letter by email, demanding immediate payment of all obligations due under the Secured Note no later than 5:00 p.m. on December 5, 2025. As of the date hereof, Kingsbarn has not made any payment and have not provided any payment plan.

31. As of the date this action was filed, Kingsbarn remains in default and has not paid the Unpaid Principal, accrued Interest, the Points, Additional Points, Default Interest and or other amounts due under the Secured Note, and the amounts due have been past due for more than seven months.

## FIRST CAUSE OF ACTION

### (Breach of Written Contract Against Borrower)

32. Plaintiff realleges here all of Paragraphs 1-31 above as if set forth in their entirety.

33. Plaintiff and Kingsbarn entered into a valid and enforceable written contract which is the Secured Note.

34. Plaintiff has fully performed all obligations under the Secured Note.

35. Pursuant to the terms of the Secured Note, Kingsbarn was required to pay Plaintiff all amounts due and owing thereunder, including the Unpaid Principal, accrued Interest, Points and other amounts due, on or before the Maturity Date of June 26, 2025. Kingsbarn failed to make payment by the Maturity Date and have failed to pay the amounts due at any time thereafter. Kingsbarns' failure to timely pay constitutes a material breach of the Secured Note.

36. Kingsbarn also failed to pay the Additional Points and Default Interest that accrued under the Secured Note after the Maturity Date.

/ / /

/ / /

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8
COMPLAINT

37. Plaintiff, through counsel, provided Kingsbarn with written notice of their default and demanded immediate payment of all amounts due under the Secured Note. Kingsbarn nevertheless failed and continue to fail to pay the amounts due.

38. As of the date this action was commenced, Kingsbarn has not paid the Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest or any other amounts due under the Secured Note, and the indebtedness has been past due for approximately seven months.

39. In addition, pursuant to the written contract, the Poris were required to provide Plaintiff with a valid Deed of Trust to secure Plaintiff's security interest. However, the DOT provided by the Poris and ultimately executed by the parties was neither in statutory form nor recorded. As a result, Plaintiff remains without a valid and properly recorded DOT encumbering the Hawaii Property.

40. As a direct and proximate result of Kingsbarn's breach of the Secured Note, Plaintiff has suffered damages in an amount including, but not limited to, Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest and other amounts due under the Secured Note, all of which continue to accrue. Plaintiff has further been deprived of the benefit of his bargained-for security interest in the Hawaii Property and remains without a properly perfected and recorded lien against the Hawaii Property. Plaintiff has also incurred attorneys' fees and costs in enforcing the Secured Note and is entitled to recover such fees and costs pursuant to the Secured Note and applicable law.

## SECOND CAUSE OF ACTION

**(Breach of Written Contract Against Trustor and the Poris)**

41. Plaintiff realleges here all of Paragraphs 1-40 above as if set forth in their entirety.

42. Plaintiff and the Trustor executed a valid and enforceable written DOT, in favor of Plaintiff as the beneficiary, to secure the obligations owed under the Secured Note.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9
COMPLAINT

43. Pursuant to the express terms of the Section 8 of the DOT, Trustor and the Poris were required to cause the DOT and any related security instruments to be recorded as required by applicable law in order to protect and perfect Plaintiff's lien and security interest in the Hawaii Property, and to pay all costs and expenses associated with such recording.

44. Trustor and the Poris failed to record the DOT as required. On or about November 18, Plaintiff learned that the DOT had not been recorded. As of the date this action was commenced, Trustor and the Poris have not provided Plaintiff with a recorded copy of the DOT.

45. Trustor and the Poris' failure to record the DOT constitutes a material breach of the written contract.

46. As a direct and proximate result of Trustor and the Poris' breach, Plaintiff has suffered damages, including but not limited to the loss of the benefit of a perfected security interest, impairment of lien priority, and attorneys' fees and costs incurred in enforcing Plaintiff's rights. Plaintiff is entitled to recover all such damages pursuant to the DOT and applicable law.

### THIRD CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Borrower, Bland, the Poris and Trustor)**

47. Plaintiff realleges here all of Paragraphs 1-46 above as if set forth in their entirety.

48. The Secured Note and the DOT each contains an implied covenant of good faith and fair dealing requiring the parties to act in good faith and to refrain from conduct that would deprive Plaintiff of the benefits of those agreements.

49. Plaintiff fulfilled, complied with and fully performed all his obligations under the Secured Note and the DOT.

50. Borrower, Bland, the Poris and Trustor breached the implied covenant of good faith and fair dealing by engaging in conduct that frustrated and deprived

Plaintiff of the benefits of the Secured Note and the DOT, including, without limitation, failing to pay amounts due under the Secured Note after the Maturity Date, failing to cooperate in curing defaults, failing to provide the DOT in a proper statutory form and failing to record the DOT as required, thereby impairing Plaintiff's bargained-for security interest.

51. As a direct and proximate result of Borrower, Bland, the Poris and Trustor's breaches of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount including, but not limited to, Unpaid Principal, accrued Interest, Points, Additional Points and Default Interest, and other amounts due under the Secured Note, all of which continue to accrue. Plaintiff has further been deprived of the benefit of his bargained-for security interest in the Hawaii Property and remains without a properly perfected and recorded lien against the Hawaii Property.

## FOURTH CAUSE OF ACTION

### (Money Had and Received Against Borrower)

52. Plaintiff realleges here all of Paragraphs 1-51 above as if set forth in their entirety.

53. Kingsbarn received Plaintiff's money.

54. In equity and good conscience, Kingsbarn should not retain Plaintiff's money.

55. Kingsbarn has not returned Plaintiff's money to Plaintiff.

56. As a result of Kingsbarn 's refusal to return Plaintiff's money to Plaintiff, Plaintiff has been damaged in an amount not limited to, Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest, and other amounts due under the Secured Note, all of which continue to accrue.

/ / /

/ / /

/ / /

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11
COMPLAINT

## FIFTH CAUSE OF ACTION

## (Money Lent Against Borrower)

57. Plaintiff realleges here all of Paragraphs 1-56 above as if set forth in their entirety.

58. Plaintiff lent Kingsbarn $1,500,000.00.

59. Plaintiff has repeatedly demanded repayment.

60. Kingsbarn has not repaid Plaintiff the full amount required to repay Plaintiff.

61. Plaintiff is entitled to an amount not limited to, Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest, and other amounts due under the Secured Note, all of which continue to accrue.

## SIXTH CAUSE OF ACTION

## (Account Stated Against Borrower)

62. Plaintiff realleges here all of Paragraphs 1-61 above as if set forth in their entirety.

63. Borrower has agreed with Plaintiff that Borrower owes Plaintiff not less than an amount not limited to, Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest, and other amounts due under the Secured Note, all of which continue to accrue. Borrower has explicitly and implicitly promised to repay Plaintiff at least that amount.

## SEVENTH CAUSE OF ACTION

## (Promissory Estoppel Against Borrower, Trustor and the Poris)

64. Plaintiff realleges here all of Paragraphs 1-63 above as if set forth in their entirety.

65. Borrower made a clear and unambiguous promise to Plaintiff to repay the loaned funds pursuant to the Secured Note, including repayment of the principal amount advanced together with interest and other amounts due.

/ / /

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12
COMPLAINT

66. Plaintiff reasonably and foreseeably relied on Borrower's promise to repay by advancing loan proceeds in the amount of $1,500,000 to Borrower.

67. Plaintiff suffered monetary injury, as described above, in an amount no less than the Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest, and other amounts due under the Secured Note, all of which continue to accrue, as a result of Plaintiff's reasonable and foreseeable reliance on Borrower's, the Poris' and Trustor's promises, which they have failed to keep.

68. Injustice can only be avoided by enforcing Borrower, the Poris and Trustors' promises.

## EIGHTH CAUSE OF ACTION

(Misrepresentation Against Trustor, Bland, the Poris and Borrower)

69. Plaintiff realleges here all of Paragraphs 1-68 above as if set forth in their entirety.

70. Prior to and after execution of the DOT, Borrower, Trustor, Bland and the Poris represented to Plaintiff that the DOT would be properly prepared and recorded in order to protect and perfect Plaintiff's security interest in the Hawaii Property.

71. These representations were material to Plaintiff's decision to proceed with and continue the loan transaction and to refrain from taking immediate enforcement action.

72. At the time the representations were made, Borrower, Trustor, Bland and the Poris failed to exercise reasonable care in ensuring that the DOT was in fact properly prepared and recorded. Borrower's, Trustor's, Bland's and the Poris' representations were false.

73. Plaintiff reasonably and justifiably relied on all Defendants' representations that the DOT would be properly prepared and recorded.

/ / /

/ / /

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

13
COMPLAINT

74. As a direct and proximate result of such reliance, Plaintiff suffered damages, including but not limited to the loss of the benefit of a perfected security interest, impairment of lien priority, and monetary damages in an amount including unpaid Principal, accrued Interest, Points, Additional Points, Default Interest, and other amounts due under the Secured Note. Plaintiff has further been deprived of the benefit of his bargained-for security interest in the Hawaii Property and remains without a properly perfected and recorded lien against the property.

## NINTH CAUSE OF ACTION

(Misrepresentation Against Bland, Pori and Borrower)

75. Plaintiff realleges here all of Paragraphs 1-74 above as if set forth in their entirety.

76. Beginning shortly after Kingsbarn's default on the Maturity Date and continuing thereafter, Kingsbarn's managing director Goros – as well as Bland, Pori, acting as officers, agents, or representatives of Kingsbarn – knowingly and repeatedly made false representations to Plaintiff regarding repayment of the outstanding debt and the status of Plaintiff's security.

77. Specifically, on multiple occasions, including but not limited to the dates described above, Defendants represented that: (i) the amounts owed to Plaintiff were due and undisputed, (ii) Kingsbarn would repay all amounts owed by specified dates, and (iii) Plaintiff's loan was secured by a valid and properly recordable DOT encumbering the Hawaii Property. These representations included, among others, statements that payment would be made "next week," "by the end of next week," "by Tuesday of next week," or by other specified deadlines.

78. Each of these representations were false when made. At the time the representations were made, Defendants knew, or recklessly disregarded, that Kingsbarn lacked the present intent and/or ability to make such payments as promised and had not provided, and could not provide, a properly recordable DOT sufficient to perfect Plaintiff's security interest.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

14
COMPLAINT

79. Defendants made these representations with the intent to induce Plaintiff to rely on them and to delay or refrain from filing suit or otherwise exercising his legal remedies against Kingsbarn and the collateral.

80. Plaintiff reasonably and justifiably relied on Defendants' representations by continuing negotiations, forbearing from immediate enforcement actions, and refraining from filing suit or pursuing other remedies.

81. As a direct and proximate result of such reliance, Plaintiff suffered damages, including but not limited to Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest, attorneys' fees and costs, and other amounts due under the Secured Note, all of which continue to accrue. Plaintiff has further been deprived of the benefit of his bargained-for security interest and remains without a properly perfected and recorded lien against the Hawaii Property, thereby impairing its collateral position and priority.

82. Defendants' conduct was willful, malicious, fraudulent and oppressive, entitling Plaintiff to recover punitive damages according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment as follows:

1. Damages according to proof, including but not limited to the Unpaid Principal, accrued Interest, Points, Additional Points, Default Interest, and other amounts due under the Note, all of which continue to accrue;
2. Post-judgment interest;
3. Requiring Trustor and the Poris to specifically perform, including amending, executing, delivering, and recording the DOT and any related documents necessary to perfect Plaintiff's security interest in the Hawaii Property;

/ / /

/ / /

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

15
COMPLAINT

4. Punitive and exemplary damages according to proof against Defendants, and each of them, for their fraudulent, malicious, and oppressive conduct;

5. Reasonable attorneys' fees and costs of suit; and

6. Such other and further relief as the Court deems just and proper.

**SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP**

DATED:  February 11, 2026      By: _____/s/ *James C. Bastian, Jr.*_____
                                             James C. Bastian, Jr
                                             Shane M. Biornstad
                                             Yang Yang
                                             Attorneys for Ira Hermann

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

16
COMPLAINT